UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID CROWE,

                              Plaintiff,

                -against-

TIMOTHY SHERIDAN; NEW YORK CITY
POLICE DEPARTMENT (NYPD);
MANHATTAN PSYCHIATRIC CENTER,

                              Defendants.

25-CV-0567 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983. Plaintiff

asserts claims for alleged violations of his rights under the First, Fourth, Fifth, and Fourteenth

Amendments. By order dated September 25, 2025, the Court granted Plaintiff's request to

proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below,

the Court dismisses the complaint and grants Plaintiff 60 days' leave to file an amended

complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Defendant Timothy Sheridan, who was employed to provide security for Taylor Swift, approached Plaintiff David Crowe and said he had been sent by the Federal Bureau of Investigation (FBI) to find out Plaintiff's identity and what he was doing in the area. Defendant Sheridan said, allegedly falsely, that the FBI had asked him to take pictures of Plaintiff's identification. He did not disclose his employment for Swift.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Defendant Sheridan also allegedly lied to officers from the New York City Police Department, falsely claiming that he had approximately thirty sightings of Plaintiff near Swift's apartment since November 2023. Plaintiff states in the complaint that, in fact, he had spent time in Minneapolis and Seattle, and had only returned to the Franklin Street area in New York in December 2023, or January 2024; Plaintiff states that he was in the vicinity only for about two weeks.

Plaintiff alleges that Defendant Sheridan made other false statements to NYPD officers, including (1) that he had asked Plaintiff to leave Swift's residence at least ten times when, in reality, Sheridan allegedly only asked him to "back up" one time; and (2) that Plaintiff tried a door handle in an attempt to gain entry to Swift's apartment.

Plaintiff was unable to access his bank account for 23 days, resulting in him becoming homeless and begging in New York. In January 2024, while Plaintiff was begging, he was arrested by NYPD officers. Plaintiff argues that begging is protected activity under the First Amendment, and that his arrest while begging therefore violated his constitutional rights. Moreover, the officers left Plaintiff's belongings on the street, resulting in theft of his property.

At some point, Plaintiff returned to the area in order to retrieve his sweatpants from a dumpster. Someone claimed Plaintiff had violated a restraining order by doing so, even though the dumpster was more than 100 feet from the protected address listed in the restraining order. Although the dates are unclear, Plaintiff seems to allege that he was arrested three times but during the first two arrests, the NYPD failed to inform Plaintiff of the charges against him or that Swift was the complainant.

During one of Plaintiff's arrests, officers allegedly promised to take him to Bellevue Hospital for frostbite, but they failed to do so, resulting in permanent injury. At some point,

Plaintiff was institutionalized at Manhattan Psychiatric Center (MPC), a state psychiatric hospital on Wards Island, and he was forced to take Risperdal and other psychiatric medications against his will. While Plaintiff was there, he hit his head against the wall, resulting in a permanent facial scar. For the majority of his stay at MPC, Plaintiff was denied tea that had been prescribed for him. On August 21, 2024, MPC staff member "Katie" revoked Plaintiff's tea privileges, after he requested a change in medication. Plaintiff was also denied access to legal counsel while institutionalized. At some point, Plaintiff suffered a broken right foot and allegedly did not receive adequate care.

Plaintiff further alleges that non-party Google posted "HIPAA-protected health information" about him and references to him stalking Taylor Swift.

Plaintiff brings this suit against Defendants NYPD, MPC, and Timothy Sheridan. Plaintiff asserts claims, under 42 U.S.C. § 1983, for alleged violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. He contends that his arrests were illegal and that the MPC "mishandled [his] complaint." Plaintiff seeks damages, and jail time for defendants for the illegal acts committed against him.

## DISCUSSION

### A.    NYPD

Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). New York City's Charter states that agencies of the City of New York cannot be sued in the name of the agency, unless the law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the

violation of any law shall be brought in the name of the city of New York and not in that of any

agency, except where otherwise provided by law."). The New York City Charter does not

authorize the NYPD to sue and be sued in the name of the agency. *See* N.Y. City Charter ch. 17,

§§ 431-438 (establishing powers of the NYPD); *see also Jenkins v. City of New York*, 478 F.3d

76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."). Plaintiff's claims

against the NYPD must therefore be dismissed because it lacks the capacity to be sued in the

name of the agency.

As set forth below, the Court grants Plaintiff leave to amend his complaint to cure its

defects. If Plaintiff amends his complaint to replead a claim of false arrest and names one or

more individual NYPD employees as defendants, the facts alleged should state a claim under the

standards set forth below.

A Section 1983 claim for false arrest uses state law as a starting point to determine the

elements of a claim. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) ("[T]o flesh out

the elements of this constitutional tort, we must look for 'tort analogies.'") (Alito, J., *dissenting*).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the

defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement,

(3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise

privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it

is based on probable cause. *Jenkins*, 478 F.3d at 84 ("The existence of probable cause to arrest

constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant*

*v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)).

A false arrest claim can be dismissed if the facts alleged in the plaintiff's complaint show

that the officers had probable cause. *See Silver v. Kuehbeck*, 217 F. App'x 18, 22 (2d Cir. 2007).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994). When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

## B.    Manhattan Psychiatric Center

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

The MPC is a hospital within the New York State Office of Mental Health (OMH) and therefore an arm of the state. *See* N.Y. Mental Hyg. Law § 7.17(a), (b) (establishing MPC as a hospital within OMH whose "organization, administration, and operation" are established by and within the jurisdiction of OMH); *Ganguly v. New York State Dep't of Mental Hygiene*, 511 F. Supp. 420, 424-25 (S.D.N.Y.1981) (applying the Eleventh Amendment to Manhattan Psychiatric Center, a facility within the New York State Department of Mental Hygiene).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983

claims against OMH's MPC are therefore barred by Eleventh Amendment immunity and are dismissed on that basis. 28 U.S.C. § 1915(e)(2)(B)(iii).

Because Plaintiff may wish to amend his complaint to replead his claim arising from forced medication against one or more individual defendants, the Court details the standards for such a claim. Psychiatric patients have a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990); *see, e.g., Kulak v. City of N.Y.*, 88 F.3d 63, 74 (2d Cir. 1996) ("It is a firmly established principle of the common law of New York that every individual of adult years and sound mind has a right to determine what shall be done with his own body and to control the course of his medical treatment." (quotations omitted)). These rights "may be set aside only in narrow circumstances, including those where the patient 'presents a danger to himself or other members of society or engages in dangerous or potentially destructive conduct within the institution.'" *Kulak*, 88 F.3d at 74.

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323, (1982). "This standard requires more than simple negligence on the part of the doctor but less than deliberate indifference." *Kulak*, 88 F.3d at 75; *see, e.g., Britt v. Buffalo Mun. Hous. Auth.*, 827 F. Supp. 2d 198, 208 (W.D.N.Y. 2011). If Plaintiff includes Section 1983 claims arising from his forcible medication in his amended complaint, the allegations should comply with the standards set forth above.

C.    **Timothy Sheridan**

Plaintiff brings claims against Defendant Timothy Sheridan, who is alleged to have been providing private security services for celebrity Taylor Swift. Plaintiff alleges that Sheridan made various misrepresentations to him, including that he was acting at the behest of the FBI, and misrepresentations to the NYPD, about the frequency of Plaintiff's presence near Taylor Swift's apartment and Plaintiff's alleged effort to enter her apartment.

The facts alleged are insufficient to state a Section 1983 claim against Defendant Sheridan, who appears to be a private party. To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A defendant may be considered a state actor "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

In New York City, security guards employed at private companies are deemed state actors when they have been appointed as "special patrolmen." *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 396 (S.D.N.Y. 2006) (under New York City Admin. Code § 14-106(c), a security guard in New York City may be a "'special patrolman' . . . appointed by the Commissioner of the [New York City Police Department], 'to do special duty at any place in the city,' and '[] possess the powers and discharge all the duties of the [police] force.'"). There are no facts alleged in the complaint suggesting that Defendant Sheridan has been so appointed.

Moreover, generally, "providing false information to the police does not alone make a private individual a state actor for the purposes of § 1983." *De Ratafia v. Cnty. of Columbia*, No. 13-CV-174, 2013 WL 5423871, at *14 (N.D.N.Y. Sept. 26, 2013). Plaintiff's allegations that

Defendant Sheridan, a private security guard, misrepresented information to the NYPD is insufficient to plead bad faith on his part and does not suffice to plead that his conduct was fairly attributable to the state. Plaintiff's allegations are therefore insufficient to state a claim against Defendant Sheridan under Section 1983. *See*, *e.g.*, *Wright v. Musanti*, No. 14-CV-8976 (KBF), 2017 WL 253486, at *11 (S.D.N.Y. Jan. 20, 2017) (private individual was liable for false arrest under state law where she "painted plaintiff as the sole and unmistaken aggressor, a characterization fundamentally at odds with what actually occurred," and asked to press charges, playing an "active part in the arrest" alongside the police), *aff'd*, 887 F.3d 577 (2d Cir. 2018). Plaintiff's Section 1983 claims against Defendant Sheridan are therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.    State Law Claims

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff might be able to allege additional facts to state a claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

If Plaintiff files an amended complaint, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2] In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

---

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan Correctional Facility, during the 7-3 p.m. shift." The naming of John Doe defendants, however, does *not* toll the statute of limitations, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), and the Court declines to exercise supplemental jurisdiction of his state law claims. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.

If Plaintiff chooses to file an amended complaint, it must be submitted to this Court's Pro Se Intake Unit within 60 days of the date of this order, be captioned as an "Amended Complaint," and be labeled with docket number 25-CV-0567 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff does not file an amended complaint, the Court will enter judgment dismissing the complaint for the reasons set forth in this order.

Plaintiff may agree to accept service of documents in this case by email, instead of regular mail, by completing the attached form, Consent to Electronic Service.

SO ORDERED.

Dated:    October 1, 2025
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

## A.    If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.    If you checked Diversity of Citizenship

### 1.    Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                            State                   Zip Code

_____          _____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                   Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                   Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                   Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.